RECEIVED IN CLERK'S OFFICE
DATE 1/1/2017
by AP

# UNITED STATES DISTRICT COURT
## of the
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Christine Haver, ) | 17cv10002 |
| *Plaintiff* ) | |
| ) | **Civil Action** |
| ) | |
| v. ) | |
| ) | |
| Midland Funding LLC; Lustig, Glaser & Wilson, P.C.; ) | **Case No. _____** |
| Citibank, N.A.; CKM-Haver LLC; Thomas Martyn ) | |
| Haver; Dean A. Heinold; John-Jane Does A-Z; ) | |
| ) | |
| *Defendants* ) | **Jury Trial Demanded** |

## COMPLAINT

### PARTIES

(See Attached: Schedule of Plaintiff | Defendant Contact Particulars)

Plaintiff

1. *Plaintiff*, Christine Haver, is a resident of the City of Brooklyn, in the County of Kings, State of New York, and a citizen of the United States.

Defendant(s)

-Page 1-

2. *Defendant*, Midland Funding LLC, is a Foreign Limited Liability Company organized under the laws of the State of Delaware, with its principal place of business located in the City of San Diego, in the County of San Diego, State of California.

3. *Defendant*, Lustig, Glaser & Wilson, P.C., is a Professional Corporation organized under the laws of the Commonwealth of Massachusetts, with its principal place of business located in the City of Waltham, County of Middlesex, Commonwealth of Massachusetts.

4. *Defendant*, Citibank, N.A., is a Foreign Business Corporation organized under the laws of the State of Delaware, with its principal place of business located in the City of New York, in the County of New York, State of New York.

5. *Defendant*, CKM-Havor, LLC, is an inactive Limited Liability Company organized under the laws of the Commonwealth of Massachusetts, with its principal place of business erroneously reported to be in the City of Concord, Commonwealth of Massachusetts.

6. *Defendant*, Thomas Martyn Haver, is a resident of the Town of Maynard, in the County of Middlesex, Commonwealth of Massachusetts, and a citizen of the United States.

7. Defendant, Dean A. Heinold, is employed by Defendant, Lustig, Glaser & Wilson, P.C., with its / his principal place of business located in City of Waltham, County of Middlesex, Commonwealth of Massachusetts (Citizenship unknown).

8. *Defendant*, John / Jane Doe(s) A-Z, will be determined in the course of discovery (Domicile[s] | Citizenship[s] unknown).

## JURISDICTION

9. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## FACTS

10. Matter(s) stem from routine acts of identity theft, credit card fraud and fraudulent concealment engaged in by defendant, Thomas Martyn Haver ("Thomas Haver"), willfully and intentionally targeted against plaintiff, Christine Haver, and; routine and systematic acts of fraudulent concealment and orchestrated fabrication of facts engaged in by defendant, Dean A. Heinold ("Dean Heinold"), selectively directed against plaintiff, Christine Haver, the Commonwealth of Massachusetts, Concord District Court, and New York State Judicial system.

11. Background / Insight: On September 14th, 2016 an email communication was forwarded from plaintiff, Christine Haver, to defendant, Thomas Haver, wherein the same defendant was duly advised, that "Within the near future a forensic examination will be commenced on the distribution and allocation of monies left in your charge over a significant period of time. In concert with this same undertaking, you (Thomas Haver) may also anticipate that I (plaintiff, Christine Haver) will again be back in touch with you (Thomas Haver) within the (then) immediate future with like level demands for legal / accounting / banking documentation and records germane to past and current financial transactions orchestrated and managed by your individual which involved the use and comingling of my professional income." Please refer to accompanying Exhibit "A" (September 14th, 2016 email).

12. Said email communication was precipitated by plaintiff's discovery that she had been the victim of a routine pattern of financial fraud perpetrated upon her being over a period of several years by defendant, Thomas Martyn Haver, in concert with a consortium of legal entities and commercial transactions in which the same said defendant could and did exercise control.

13. On December 27th, 2016 a civil complaint was filed with the Clerk, United States District Court, District of Massachusetts (*Christine Haver v. U.S. Internal Revenue Service, et al* [1:16-CV-12605-DJC]). Said complaint introduced the court, in the first instance, to the scope and nature of the allegations levied against Thomas Haver, and the other cited defendants. Within the text of Paragraph 23 of the same said complaint, the following language is incorporated, "Moreover, it was further determined that defendant, Thomas Martyn Haver, has likewise been "tapping into" plaintiff's wellbeing by virtue of willful "credit card fraud". And, when critical / time sensitive communication on the matter has / had been delivered to the 31 Main Street Property (to the personal attention of plaintiff) by creditors, banks, attorneys and the Massachusetts Court System, etc., defendant, Thomas Martyn Haver, has without exception suppressed and concealed all of the same from plaintiff." Accordingly, corresponding "Relief" was sought in paragraph "H": "Defendant, Thomas Martyn Haver, should be compelled to turnover to plaintiff a full accounting of his use of any and all of plaintiff's credit cards, along with actual physical credit card(s)."

14. The full complement of the forgoing paragraph "11" assertions and the *Christine Haver v. U.S. Internal Revenue Service, et al* allegations are now fully embodied in *Christine Haver v. Midland Funding LLC, et al*. In turn, plaintiff, Christine Haver, request that this matter now being introduced before the court should be enjoined with *Christine Haver v. U.S. Internal Revenue Service, et al* [1:16-CV-12605-DJC]). Otherwise;

15. On or about August 15th, 2016, defendant, Midland Funding LLC, assignee of defendant,

Citibank, N.A., commenced a civil action against plaintiff, Christine Haver, in the Commonwealth of Massachusetts, Concord District Court (*Midland Funding LLC v. Christine Haver* [1647 CV 0192]). Said action was undertaken by defendant, Midland Funding LLC, in furtherance of recovering an alleged $18,755.90 Citibank credit card debt. Per the corresponding Commonwealth of Massachusetts, Concord District Court "Docket Report", on September 12th, 2016, a "Return of service on complaint and summons to Christine Haver: Officer service SERVED at last and usual abode (Mass.R.Civ.P. 4(f)). On 08/31/2016@31 Main Street, Maynard MA Answer by 09/20/2016" was duly recorded. At some point earlier-on it should be assumed that a copy of the original complaint with subsequent hearing particulars was likewise duly served on plaintiff, Christine Haver, as well. The Attorney of Record in all of the fore/ongoing, was / is, Dean Heinold, and; the domicile willfully employed by the same Dean Heinold for any and all court related communication with Ms. Christine Haver (including formal service of process), was 31 Main Street, Maynard, Massachusetts 01754 (despite the fact that Dean Heinold was knowledgeable that plaintiff resided full-time in Brooklyn NY). Please refer to accompanying Exhibit "B" (Commonwealth of Massachusetts, Concord District Court "Docket Report"). Further;

16. On or about October 7th, 2016, a default judgement was entered by the Commonwealth of Massachusetts, Concord District Court, against plaintiff, Christine Haver, on the basis of having failed to appear in the Commonwealth of Massachusetts, Concord District Court on multiple summons served at 31 Main Street, Maynard, Massachusetts 01754. Further;

17. On November 18th, 2016, defendant, Lustig, Glaser & Wilson, P.C. sent off a First-class letter to plaintiff, Christine Haver at her personal residence, located at 8301 Bay Parkway, Apt. 604, Brooklyn, New York 11214-2630, advising in the very first instance that defendant, Midland Funding LLC had secured a judgement against her person. Accordingly, it can thus be established that both defendant(s) Dean A. Heinold and Lustig, Glaser & Wilson, P.C. were amply aware that Christine Haver resided in Brooklyn, New York, and not, Maynard, Massachusetts, and; that service of process was in all respects willfully contaminated (essentially akin to what is routinely referred to in the greater legal community, as "Sewer Service"). A subsequent letter, dated December 16th, 2016, was received shortly thereafter. Save for the said two letters, no communication has ever been realized from either the Commonwealth of Massachusetts, Concord District Court; defendant, Midland Funding LLC; defendant, Citibank, N.A.; CKM-Haver LLC; defendant, Thomas Haver, or; defendant, Dean Heinold, whatsoever. Please refer to accompanying Exhibit(s) "C" and "D" (defendant, Lustig, Glaser & Wilson, P.C. letters of November 18th and December 16th, 2016). Further;

18. Whatever documentation and / or correspondence alleged to have been delivered to

Christine Haver at the 31 Main Street, Maynard, Massachusetts 01754 address, was, in fact, delivered to Thomas Haver (the [10 year] estranged husband of plaintiff, Christine Haver), instead of plaintiff. Christine Haver has resided at her current address for approximately twenty-six months, as evidenced by three annual lease agreements. And, as already indicated, Thomas Martyn Haver is a defendant in the matter of, *Christine Haver v. U.S. Internal Revenue Service, et al* (1:16-CV-12605-DJC), wherein the act of credit card theft is asserted. Moreover;

19. At no point to date has plaintiff, Christine Haver, seen any evidence that a legitimate debt does actually exist? If, however, defendant(s) can produce original evidentiary materials / documentation which both stand the test of corroborating the actual debt, and; clearly establish that the matter at hand does not exceed the governing statute of limitations, then two channels are consequently opened for further prosecution undertaken by plaintiff through an amended complaint. Specifically, To Wit;

20. If defendant(s), Midland Funding LLC; Lustig, Glaser & Wilson, P.C., and / or Citibank, N.A. are not able to immediately provide physical evidence of original documentation establishing formal existence of the credit card debt, and; likewise fail to establish that the matter does not exceed the corresponding statute(s) of limitations, the absence of such critical evidence and timing would confirm that the matter introduced into the Commonwealth of Massachusetts, Concord District Court (*Midland Funding LLC v. Christine Haver* [1647 CV 0192])., was in fact a "scam". Before commencing any prosecution of the case against Christine Haver, and; before bringing the Commonwealth of Massachusetts, Concord District Court into the matter (despite a willfully orchestrated [deceptive] service of process), each of the defendants would have been obliged to possess valid evidence of the foregoing claim. Or, contrariwise;

21. If defendant(s), Midland Funding LLC; Lustig, Glaser & Wilson, P.C., and / or Citibank, N.A., are able to demonstrated through the immediate production of corroborative evidence clearly establishing the existence of the credit card debt, and prosecution of the claim within the governing statute of limitations, then the question arises as to who established the credit card account; who used the card, and; when, where and with whom all of the proceeding took place. Insomuch as plaintiff is currently prosecuting a claim against defendant(s), Thomas Martyn Haver and CKM-Haver LLC within this same court (*Christine Haver v. U.S. Internal Revenue Service, et al* [1:16-CV-12605-DJC]), wherein the claim of credit card fraud / theft has been asserted, this is a matter of grave concern to plaintiff, Christine Haver. However, it should be duly noted, that;

22. Defendant, Lustig, Glaser & Wilson, P.C. has been the subject of an earlier investigation undertaken by the Attorney General of the Commonwealth of Massachusetts, and;

consequently, is now the lead defendant in a Commonwealth of Massachusetts, Suffolk Superior Court civil action commenced by the Attorney General of the Commonwealth of Massachusetts (*Commonwealth of Massachusetts v. Lustig, Glaser & Wilson, et al*). In direct concert with this same action, the Attorney General of the Commonwealth of Massachusetts publicly announced on its official web-page (Full Page | December 23rd, 2015), that "AG Healy Sues Major Debt Collection Law Firm [Lustig, Glaser & Wilson, P.C.] Over Widespread Consumer Abuses" | "AG Alleges Law Firm Routinely Filed Lawsuits Against Consumer without Proof of Debt Owed" | "Filing deceptive lawsuits against consumers" | "Using false and misleading court filings" | "Demanding payment of time-barred debts", etc.... The Boston Globe (December 23rd, 2016) likewise reported in their article that "The company (Lustig, Glaser & Wilson, P.C.) used the judicial system to intimidate and harass people", etc. Accordingly, having been publicly forewarned by the Attorney General of the Commonwealth of Massachusetts; the Boston Globe, and other equally credible sources on the open web about the fraudulent and deceptive practices routinely engaged in by defendant, Lustig, Glaser & Wilson, P.C., of which defendant, Dean A. Heinold, is an agent, and; having personally experienced the very same, "identical" fraudulent behavior by defendant(s), Lustig, Glaser & Wilson, P.C. and Dean A. Heinold, it is reasonable to conclude that the matter of *Midland Funding LLC v. Christine Haver* (1647 CV 0192) is quite possibly a Midland Funding LLC; Lustig, Glaser & Wilson, P.C.; Citibank, N.A.; Dean A. Heinold "Hallmarked" scam. Please refer to accompanying Exhibit "E" (Copy of Commonwealth of Massachusetts v. Lustig, Glaser & Wilson, P.C. complaint), Exhibit "F" (Attorney General, Commonwealth of Massachusetts web announcement), and Exhibit "G" (Copy of Boston Globe article).

### Relief

WHERFORE, plaintiff requests relief, as follows:

A. Remove *Midland Funding LLC v. Christine Haver* (1647 CV 0192) from State Court.

B. Invalidate September 2016 Subpoena Service.

C. Compel Defendants, Midland Funding LLC; Lustig, Glaser & Wilson, P.C.; Citibank, N.A., and; Dean A. Heinold, to immediately produce certified copies of all original documentation and transaction receipts (with visible time / date stamps) germane to $18, 755.90 claim.

D. Compel Defendants, Midland Funding LLC; Lustig, Glaser & Wilson, P.C.; Citibank, N.A., and; Dean A. Heinold, to immediately produce evidence of any and all payments received in connection with the credit card debt claim, and; certified

copies (with visible time / date stamps) of evidence of the last and final payment received on account.

E. Compel Defendants, CKM-Haver LLC and Thomas Martyn Haver to immediately produce a certified accounting of any and all use of the subject credit card account, and; produce a certified schedule of where, when and to whom any charges may have been made, if any?

F. Award damages or other monetary relief against Defendants.

G. Award additional relief as the Court may determine to be just and proper.

January 1st, 2016


*Christine Haver* (signature)

Christine Haver

End.

# SCHEDULE OF PLAINTIFF | DEFENDANT CONTACT PARTICULARS

I. Parties

   A. Plaintiff

      1. Christine Haver
         8301 Bay Parkway, Apartment 604
         Brooklyn, Kings County
         NY 11214
         T. 617 / 821-6468
         E. cchaver@aol.com

   B. Defendant(s)

      2. Midland Funding LLC
         2365 Northside Drive, Suite 300
         San Diego CA 92108
         T. 800 / 265-8825
         E. TBD

      3. Lustig, Glaser & Wilson, P.C.
         245 Winter Street, Suite 300
         Waltham MA 02451
         T. 781 / 449-3000
         E. TBD

      4. Citibank, N.A.
         388 Greenwich Street
         New York NY 10013
         T. 917 / 746-4466
         E. TBD

5. CKM-Haver, LLC
   (Thomas Martyn Haver, President)
   31 Main Street
   Maynard, Middlesex County
   Massachusetts 01754
   T. 978 / 758-8696
   E. Thaver1355@aol.com

6. Thomas Martyn Haver
   31 Main Street
   Maynard, Middlesex County
   Massachusetts 01754
   T. 978 / 758-8696
   E. Thaver1355@aol.com

7. Dean A. Heinold
   245 Winter Street, Suite 300
   Waltham MA 02451
   T. 781 / 449-3000
   E. TBD

8. John / Jane Doe, Attorney
   Contact details TBD